**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier ROJAS–RAMIREZ,**
**Defendant–Appellant.**

No. 10–12809
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 4, 2011.

Nicholas Oldham, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Kendal D. Silas, Stephanie Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Javier Rojas–Ramirez appeals his 57–month sentence imposed after he pleaded guilty to illegally re-entering the United States after deportation in violation of 8 U.S.C. § 1326(a). Rojas–Ramirez argues his bottom-of-the-Guidelines-range sentence is substantively unreasonable because the sentence overstates his criminal history and overemphasizes his negative personal characteristics. After review, we affirm Rojas–Ramirez's sentence.[1]

Rojas–Ramirez fails to demonstrate his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. In fashioning the sentence, the district court stressed Rojas–Ramirez's recidivist violation of U.S. immigration law, Rojas–Ramirez's violence toward his family, and the need for a "serious penalty" to deter repetitious violation of the U.S. immigration laws. Rojas–Ramirez has entered the United States illegally at least three times in the past 30 years and has been deported twice. The 57–month sentence occupies the bottom of the applicable Guidelines range of 57 to 71 months, and we ordinarily expect such a sentence to be reasonable. *See United States v. Talley,* 431 F.3d 784, 788 (11th Cir.2005). Because Rojas–Ramirez's sentence is supported by the § 3553(a) factors, the district court did not abuse its discretion in sentencing Rojas–Ramirez to 57 months' imprisonment.

**AFFIRMED.**

---

1. We review a final sentence imposed by the district court for reasonableness. *United States v. Winingear,* 422 F.3d 1241, 1245 (11th Cir.2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).